Sandra J. GURSKI, et al.

v.

**WYETH–AYERST DIVISION OF AMERICAN HOME PRODUCTS CORP.**

Civil Action No. 94–30145–MAP.

United States District Court, D. Massachusetts.

Sept. 11, 1997.

Michael O. Shea, Begley & Ferriter, Holyoke, MA, John J. Ferriter, William E. Begley, Lyon, Ferriter & Fitzpatrick, Holyoke, MA, for Sandra J. Gurski, Walter Gurski and Jane Gurski.

Charles K. Bergin, Jr., Robinson, Donovan, Madden & Barry, Springfield, MA, for Wyeth–Ayerst Div. of American Home Products Corp.

Joseph L. Kociubes, Melissa M. Thompson, Bingham, Dana & Gould, Boston, MA, for Mead Johnson & Co.

*MEMORANDUM AND ORDER REGARDING DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT*

(Docket No. 51)

PONSOR, District Judge.

For the reasons stated in open court following oral argument on September 10, 1997, this court hereby allows defendant's Renewed Motion for Summary Judgment with regard to all counts and all plaintiffs in this case.

In summary, both warnings provided to patients by the defendant were adequate as a matter of law. They cautioned the plaintiff specifically regarding the probability, nature, and gravity of the precise condition that she subsequently suffered. *See MacDonald v. Ortho Pharmaceutical Corporation*, 394 Mass. 131, 139, 475 N.E.2d 65 (1985).

The Federal Drug Administration, the defendant's expert and even the plaintiff's *own* expert have all agreed that the warnings provided by the defendant were adequate. To conclude, despite this, that a jury *might*

in the independent exercise of its own judgment conclude nevertheless that the warnings were inadequate would necessarily imply that summary judgment in a failure to warn case would never be possible. No authority offered by the plaintiff or located by the court goes so far.

For the foregoing reasons, the court hereby ALLOWS the defendant's Motion for Summary Judgment. The clerk will enter judgment for the defendant with regard to all counts and all plaintiffs.

It is So Ordered.